UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROB LEAR, | CASE NO. C13-0347JLR |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| SEATTLE HOUSING AUTHORITY, et al., | |
| Defendants. | |

Before the court is Defendant the State of Washington's ("the State") motion to dismiss plaintiff Rob Lear's complaint. (Mot. (Dkt. # 48).) Mr. Lear has sued the Seattle Housing Authority, the City of Seattle, and numerous other defendants in addition to the State. (*See* Am. Compl. (Dkt. # 46).) He alleges civil conspiracy, industrial espionage, housing discrimination, and other causes of action, claiming that he was "snatched. Kidnapped. Entrapped. Ensnared." (*Id.* at 12.) He alleges numerous instances of harm directed at him by Defendants. (*Id.* at 12-27.)

ORDER- 1

1    The State moves to dismiss under the doctrine of sovereign immunity.  The State
2 argues that it is immune from suit in federal court under the Eleventh Amendment and
3 that, accordingly, it should be dismissed from this action with prejudice.
4    The court agrees.  Under the Eleventh Amendment and the doctrine of sovereign
5 immunity, states may not be sued in federal court unless they have consented or
6 sovereign immunity has been abrogated.  *Alaska Cargo Transp, Inc. v. Alaska R.R.*
7 *Corp.*, 5 F.3d 378, 379 (9th Cir. 1993).  The State has not consented to being sued in
8 federal court.  *See, e.g.*, *Marshall v. Labor & Indus., State of Washington*, 89 F. Supp. 2d
9 4, 12 (D.D.C. 2000) ("Nothing in Washington's law expressly or otherwise consents to
10 suit in federal court."); *Hennessey v. State of Wash., Dep't of Soc. & Health Servs.*, 627
11 F. Supp. 137, 139 (E.D. Wash. 1985).  Further, Mr. Lear does not make any argument
12 with respect to abrogation (*see* Resp.), nor does he assert any causes of action for which
13 there is a plausible basis for arguing abrogation (*see* Am. Compl.).  Thus, the State may
14 not be sued.  *Alaska Cargo Transp.*, 5 F.3d at 379.
15    In response to the State's motion, Mr. Lear cites several cases that do not apply
16 here, including *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989)
17 and *Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998).  These are both cases naming
18 counties as defendants, not states.  Thus, these cases do not provide a basis for Mr. Lear
19 to get around Eleventh Amendment sovereign immunity.
20 //
21 //
22 //

1     For the foregoing reasons, the State's motion is GRANTED and the State is

2 DISMISSED WITH PREJUDICE as a defendant in this action.

3     Dated this 7th day of October, 2013.

                                       JAMES L. ROBART
                                       United States District Judge