UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROB LEAR,<br><br>                    Plaintiff,<br><br>      v.<br><br>SEATTLE HOUSING AUTHORITY, et al.,<br><br>                    Defendants. | CASE NO. C13-0347JLR<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT |

Before the court is Plaintiff Rob Lear's Motion for Summary Judgment. (Mot. (Dkt. # 66).) Mr. Lear is proceeding pro se in this case. He has sued the Seattle Housing Authority ("SHA"), the City of Seattle, and numerous other defendants. (*See* Am. Compl. (Dkt. # 46).) He alleges civil conspiracy, industrial espionage, housing discrimination, and other causes of action, claiming that he was "snatched. Kidnapped. Entrapped. Ensnared." (*Id.* at 12.) He alleges numerous instances of harm directed at him by Defendants. (*Id.* at 12-27.) All of Mr. Lear's claims appear to stem from an

ORDER- 1

1  alleged history of mistreatment that started in 1996 when Mr. Lear began residing in low-
2  income housing provided by the SHA. (*See generally* Am. Compl.)
3      On this motion, Mr. Lear asks the court to enter summary judgment in his favor on
4  his claim of civil conspiracy. However, Mr. Lear has produced very little evidence or
5  coherent legal argument in support of his motion. (*See* Mot.) Mr. Lear claims that he is
6  entitled to summary judgment because the SHA intends to use his sister as a witness in
7  this case. (*See* Mot. at 1.) He claims that his sister has "evil intent," as evidenced by the
8  fact that she has not distributed to Mr. Lear the proceeds of their parents' will. (*Id.* at 1-
9  2.) Mr. Lear also alleges that his sister caused their father's death and now "persecutes
10 [him] under the pretense that [he] was mean to her when she was a child." (*Id.*) Mr. Lear
11 claims that the SHA's decision to use his sister as a witness demonstrates that the SHA is
12 involved in a conspiracy against him. (*See id.*) As evidence, he submits a copy of his
13 parents' will. (*See id.* at 4.)
14     Summary judgment is appropriate only if the evidence, when viewed in the light
15 most favorable to the non-moving party, demonstrates "that there is no genuine dispute as
16 to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
17 Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of*
18 *L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of
19 showing there is no genuine issue of material fact and that he or she is entitled to prevail
20 as a matter of law. *Celotex*, 477 U.S. at 323. The court is "required to view the facts and
21 draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott*
22 *v. Harris*, 550 U.S. 372, 378 (2007).

1     Mr. Lear has come nowhere close to showing that he is entitled to summary
2 judgment. Specifically, he has not produced nearly enough evidence for the court to
3 conclude that he has a viable claim for civil conspiracy against any of the defendants
4 remaining in this case. The court cannot infer from Mr. Lear's parents' will or from his
5 statements about its implications that there are no genuine disputes of material fact with
6 respect to his civil conspiracy claim or that he is entitled to judgment as a matter of law.
7 Accordingly, Mr. Lear's motion for summary judgment is DENIED (Dkt. # 66).
8     Dated this 12th day of December, 2013.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 3