1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

ROB LEAR,

CASE NO. C13-0347JLR

11

                    Plaintiff,

ORDER

12

          v.

13

SEATTLE HOUSING AUTHORITY,
et al.,

14

                    Defendants.

15

16    Before the court are Plaintiff Rob Lear's Motion to Compel (Mot. to Compel (Dkt.

17    # 71)) and Motion to Bifurcate (Mot. to Bif. (Dkt. # 74)).  In this case, Mr. Lear has sued

18    the Seattle Housing Authority ("SHA"), the City of Seattle, and numerous other

19    defendants.  (*See* Am. Compl. (Dkt. # 46).)  He alleges civil conspiracy, industrial

20    espionage, housing discrimination, and other causes of action, claiming that he was

21    "snatched.  Kidnapped.  Entrapped.  Ensnared." (*Id.* at 12.)  He alleges numerous

22    instances of harm directed at him by Defendants.  (*Id.* at 12-27.)

1    Both of Mr. Lear's motions are denied.  His motion to compel is untimely.  The

2    deadline for discovery motions passed on December 13, 2013.  (*See* Sched. Order (Dkt.

3    # 28).)  This motion was not filed until January 24, 2014.  (*See* Mot. to Compel.)  It is

4    therefore too late for the court to consider it.  Further, even if the court did consider the

5    motion, it would be denied.  The motion is premised on a discovery request that was itself

6    untimely and incomplete.  Moreover, it appears that SHA actually provided the requested

7    discovery as of February 3, 2014.  Thus, Mr. Lear is not prejudiced by the court's

8    decision not to consider his motion.

9    Mr. Lear's motion to bifurcate is also denied.  A motion to bifurcate is granted or

10   denied in the sound discretion of the trial court.  *Hangarter v. Provident Life and Acc.*

11   *Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).  The trial court's authority to bifurcate

12   comes from Federal Rule of Civil Procedure 42(b), which states that "[f]or convenience,

13   to avoid prejudice, or to expedite and economize, the court may order a separate trial of

14   one or more separate issues, claims, cross-claims, counterclaims, or third-party claims."

15   Fed. R. Civ. P. 42(b).  Where an overlap of factual issues exists between the claims,

16   courts are reluctant to bifurcate the proceedings.  *McLaughlin v. State Farm Mut. Auto.*

17   *Ins. Co.*, 30 F.3d 861, 871 (7th Cir. 1994).  Indeed, if the preliminary and separate trial of

18   an issue would involve extensive proof and substantially the same facts or witnesses as

19   the other issues in the cases, or if any saving in time and expense is wholly speculative,

20   the motion should be denied.  *See Datel Holdings LTD. v. Microsoft Corp.*, No. C-09-

21   05535 EDL, 2010 WL 3910344, at *2-5 (N.D. Cal. Oct. 4, 2010).

22

1    In his motion, Mr. Lear does not actually request any cognizable relief, nor does

2    he state a legal theory on which the court might base any relief.  (*See* Mot. to Bif.)

3    Instead, Mr. Lear uses the motion as an opportunity to restate many of the factual

4    allegations he previously made in his complaint.  (*See id.*)  The closest he comes to

5    requesting relief is when he says "[w]herefore, I hereby motion to bifurcate damages to

6    help simplify this case involving 42 U.S.C. ss 1983- 1985, and to help the defendants and

7    the Court understand the case which is otherwise further complicated by use of Federal

8    Common Law Nuisance Laws.  That's what the evidence including the Timelines show.

9    SHA is a damn racist, and a nuisance.  Period."  (*Id.* at 78.)  Mr. Lear goes on to allege

10   that his "damages are astronomical.  Financially, physically, and mentally. . . . For these

11   reasons I agree with President Obama, and Oprah, and General Colin Powell.  America is

12   racist.  This case could not have happened if that were not true."  (*Id.* at 8.)  It is not clear

13   what Mr. Lear is asking the court to do.  Nor do the factual allegations suggest any basis

14   for bifurcating this case, notwithstanding Mr. Lear's inclusion of a bizarre chart entitled

15   "Diagram of Case for Dummies," which consists of a number of black rectangles

16   connected by solid black lines.  (*See id.* at 1.)

17       Both of Mr. Lear's motions (Dkt. ## 71, 74) are DENIED.

18       Dated this 4th day of February, 2014.

19

20

21       JAMES L. ROBART
         United States District Judge

22

ORDER- 3