UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROB LEAR, | CASE NO. C13-0347JLR |
| Plaintiff, | ORDER |
| v. | |
| SEATTLE HOUSING AUTHORITY, et al., | |
| Defendants. | |

Before the court are Plaintiff Rob Lear's "Motion for More Latitude and Extension of Time for Discovery" (Mot. (Dkt. # 77)) and "Motion (counter) for Summary Judgment" (MSJ (Dkt. # 86)). Mr. Lear has sued the Seattle Housing Authority ("SHA"), the City of Seattle, and numerous other defendants. (*See* Am. Compl. (Dkt. # 46).) He alleges civil conspiracy, industrial espionage, housing discrimination, and other causes of action, claiming that he was "snatched. Kidnapped. Entrapped. Ensnared." (*Id.* at 12.) He alleges numerous instances of harm directed at him by Defendants. (*Id.* at 12-27.)

ORDER- 1

The court STRIKES in part and DENIES in part Mr. Lear's first motion. First, Mr. Lear requests more latitude in these proceedings. (Mot. at 1.) He points out that pro se litigants are afforded "great latitude, and the benefit of the doubt." (*Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1)).) He is, of course, correct that courts afford a certain amount of leeway to pro se litigants and construe their pleadings liberally. *See, e.g.*, *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988). Regardless, a request for "more latitude" and for "the benefit of the doubt" is not a proper subject of motions practice. *See, e.g.*, *Paulson v. City of Edmonds*, No. C12-1636JLR-JPD, Order Striking Motions, Dkt. # 34 (W.D. Wash. Jan. 3, 2013). Mr. Lear does not identify any particular relief he wishes the court to grant him, and the court will not grant an across-the-board increase in "latitude," if such a thing could even be granted. The court STRIKES this portion of Mr. Lear's first motion.

Next, the court DENIES Mr. Lear's request for an extension of the discovery period that is contained in the same motion. (*See* Mot. at 1-2.) To begin, the motion is untimely in several respects. Not only did the deadline for discovery motions pass nearly two months before this motion was filed, but the discovery cutoff passed nearly a month before. (*See* Sched. Order (Dkt. # 28).) Now, the deadline for filing dispositive motions has passed as well. (*See id.*) The court issues scheduling orders setting trial dates and related dates to provide a reasonable schedule for the resolution of disputes. First, the court generally sets the discovery motions deadline 30 days prior to the deadline for discovery to allow the court to resolve the motions within the discovery period. Second, the court generally sets the discovery cut-off 30 days prior to the deadline for filing

ORDER- 2

1 dispositive motions in order to ensure that the court has before it a complete record when
2 it considers a motion that could potentially dispose of the case.  Third, the schedule
3 generally provides 90 days between the deadline for filing dispositive motions and the
4 trial date.  This 90-day period takes into account:  (a) an approximate 30-day lag between
5 the date a party files a motion and the date that motion becomes ripe for the court's
6 consideration, *see* Local Rules W.D. Wash. CR 7(d)(3); and (b) an additional 30 days
7 during which the court endeavors to rule on the motion, *id.* CR 7(b)(5).  Anything short
8 of a 90-day period leaves inadequate time for the parties to consider the court's ruling
9 and plan for trial or an alternate resolution.

10  Mr. Lear has not demonstrated good cause for failing to file a timely motion to
11 extend discovery.  The Federal Rules of Civil Procedure provide that a schedule may be
12 modified only for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).  Mr.
13 Lear argues that he should be granted more time for discovery because he "went to
14 Portland" in September, 2013, got "pneumonia in both lungs," and suffered "the
15 destruction of [his] laptop." (Mot. at 1-2.)  However, Mr. Lear has filed 14 documents
16 with the court since that time (and before the present motion), including four separate
17 motions requesting various forms of relief.  (*See* Dkt.)  He has provided the court with no
18 indication of why he would have been unable to file a motion to extend discovery in a
19 timely manner.  (*See* Mot.)  It is now too late to extend discovery without derailing the
20 entire schedule outlined above.  Further, Mr. Lear does not provide any satisfactory
21 reason why it would be necessary or helpful to extend the discovery period.  Instead, he
22 asks for more time to investigate an email that has already been provided to him and that

ORDER- 3

he attaches to his later-filed motion for summary judgment. (*See* Mot.; MSJ at 2.) The court DENIES Mr. Lear's request for an extension of the discovery cutoff.

The court also DENIES Mr. Lear's second motion, which is titled "Counter Motion for Summary Judgment." (*See* MSJ.) This is not a motion for summary judgment. Instead, it is a 5-page packet of evidence coupled with a request for donations for a non-profit organization Mr. Lear apparently intends to found. (*See id.* at 1.) The motion begins by certifying "under penalty of perjury" that one of the documents Mr. Lear submits is "entirely false." (*Id.*) It then launches into a polemic against an individual named Brenda Tuttle, who Mr. Lear accuses of "Slander/Defamation/Libel." (*Id.*) Mr. Lear suggests that the court "feel free to contact the Veterans Administration" for proof of his claims. (*Id.*) Next, Mr. Lear says that he "would appreciate it if someone would clear my name immediately, and ensure that I get my life back without further delay. Towards that end, it would be helpful to donate so that I can form and operate the non-profit mentioned below, to ensure that this type of situation never happens to anyone ever again." (*Id.*) In closing, Mr. Lear provides details about his non-profit ("Rob Lear, Housing Discrimination Consultant, Non Profit Coming Soon") and submits his telephone number along with copies of his driver's license and social security card. (*Id.* at 1, 3.) Mr. Lear has not requested relief that the court can provide, nor has he demonstrated that he is entitled to summary judgment.

//

//

//

ORDER- 4

Accordingly, Mr. Lear's motion for summary judgment is DENIED.

Dated this 24th day of February, 2014.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 5