1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROB LEAR,<br><br>  Plaintiff,<br><br>  v.<br><br>SEATTLE HOUSING AUTHORITY, et al.,<br><br>  Defendants. | CASE NO. C13-347 JLR<br><br>ORDER ON MOTION TO RECUSE |

Before this Court is Plaintiff's Judicial Notice and Objection to Order re: Summary Judgment (which contains a request for the presiding judge to recuse himself; *see* Dkt. No. 88), Judge Robart's order declining to recuse himself (*see* Dkt. No. 89), and Plaintiff's Judicial Notice & Objection to Order re: Recusal (*see* Dkt. No. 90). The motion has been transferred to this Court for review in accordance with Local Rule GR 8(c).

Upon consideration of the motion and all relevant documents in this matter, the Court affirms Judge Robart and DENIES the motion to recuse.

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which him impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Although Plaintiff makes claims to the contrary ("…my complaint is not entirely based on adverse rulings;" *see* Dkt. No. 90, p. 1), there is no other way to read his rationale for requesting Judge Robart to recuse himself than as a series of complaints about Judge Robart

failing to rule in his favor. Based on the unfavorable rulings he has received, Plaintiff has concluded that Judge Robart does not like him and is unfairly biased toward Defendants. Bias is almost never established simply because the judge issued an adverse ruling. Everything that Plaintiff has cited as evidence of Judge Robart's bias against him is nothing more than rulings with which he disagrees. It is insufficient as a matter of law.

Plaintiff does complain of "hostile negative comments" from Judge Robart (Id.), but he cites to no written ruling or transcript of oral statements to support that claim. In any event, even a judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties.

In order to establish partiality on the part of his presiding judge, Plaintiff would have to show that facts outside the record influenced decisions or that the presiding judicial officer's rulings were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts outside the record that improperly influenced the decisions in this matter. A review of Judge Robart's rulings in this matter reveals no orders that were so outlandish or irrational as to give rise to an inference of bias.

Plaintiff may disagree with Judge Robart's rulings, but that is a basis for appeal, not disqualification. As Plaintiff has cited no extrajudicial source of bias, the Court finds that Judge Robart's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, Plaintiff's request for recusal is DENIED.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance.

Accordingly it is hereby **ORDERED** that the undersigned **DENIES** Plaintiff's motion for Judge Robart to recuse himself in this case.

The clerk is ordered to provide copies of this order to all counsel.

Dated this __7th__ day of March, 2014.

_____
Marsha J. Pechman
United States Chief District Judge