UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROB LEAR, | CASE NO. C13-0347JLR |
| Plaintiff, | ORDER |
| v. | |
| SEATTLE HOUSING AUTHORITY, et al., | |
| Defendants. | |

Before the court are Mr. Lear's numerous responses to the court's March 17, 2014, order to show cause why summary judgment should not be entered in favor of the last remaining defendant in this case. (Resp. to Order to Show Cause (Dkt. # 97); Lear Decl. (Dkt. # 98); Not. of Increased Damages Demand (Dkt. # 100); Supplement re Response to Order to Show Cause (Policy/Policymaker) (Dkt. # 101); Not. of Root of Deprivations (Dkt. # 102); and Final Mot. for SJ (Dkt. # 103).) The court's prior order explained at great length why summary judgment was being entered in favor of the primary

ORDER- 1

1  defendants in this case—the Seattle Housing Authority ("SHA"), Martha Owens, Terry

2  Nham, and Jake LeBlanc.  (*See* 3/17/14 Order (Dkt. # 96).)  In prior orders, the court

3  explained why other defendants were likewise entitled to dismissal or summary

4  judgment.  (*See* 10/25/13 Order (Dkt. # 64) (granting summary judgment in favor of the

5  Seattle City Counsel, Mayor of Seattle, and Seattle Office of Civil Rights); 10/7/13 Order

6  (Dkt. # 60) (granting State of Washington's motion to dismiss with prejudice).)

7       Only one defendant remains in this case:  the Seattle Housing Authority Board of

8  Commissioners ("SHA Board").  (*See* 3/17/14 Order at 26.)  As the court previously

9  stated, "[t]here appear to be no valid claims (and indeed no claims of any kind) made

10 against this entity . . . ."  (*Id.*)  Thus, the court ordered Mr. Lear to "show cause within 10

11 days why the SHA Board is not also entitled to summary judgment dismissal of any

12 claims against it."  (*Id.*)  This show cause order was premised on the notion that Mr. Lear

13 had provided no evidence of any kind with respect to the SHA Board, so all of the

14 reasoning that applied to the other defendants would apply to the SHA Board as well—if,

15 in fact, Mr. Lear could be said to have alleged claims against the SHA Board in the first

16 place.  (*See id.*)

17      None of Mr. Lear's submissions address the SHA Board at all.  His first

18 submission, his initial response to the show cause order, details the reasons why he

19 believes the court's prior rulings were wrong and attempts to reargue his claims.  (*See*

20 Resp. to Order to Show Cause.)  His second submission, his newly-submitted declaration,

21 repeats his allegations against Terry Nham and Jake LeBlanc and argues for the validity

22 of a prior piece of evidence submitted to the court.  (*See* Lear Decl.)  His other

submissions follow a similar pattern.  His Notice of Increased Damages Demand increases his monetary demands against SHA and provides information regarding certain general concepts that he believes are relevant to this case.  (*See* Not. of Increased Damages Demand.)  His Supplemental Response to the court's show cause order identifies former-U.S. Senator Slade Gorton as the "policy maker" involved in this case.  (*See* Supplement re Response to Order to Show Cause (Policy/Policymaker).)  His Notice of Root of Deprivations lists campaign contributions made by the undersigned prior to appointment to the federal bench.  (*See* Not. of Root of Deprivations.)  Last, his recently-filed motion for summary judgment sets out the law he believes applies to this case and reiterates his demands for relief.  (*See* Final Mot. for SJ.)  His filings do not present evidence that his claims against the SHA Board are any more viable than his claims against any of the other defendants.  In short, there appears to be no evidence whatsoever of any wrongdoing by the SHA Board.

With respect to the other arguments raised in Mr. Lear's submissions, the court construes these as motions for reconsideration of the summary judgment ruling.  Pursuant to Local Rule CR 7(h)(1), motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier with reasonable diligence.  Local Rules W.D. Wash. LCR 7(h)(1).  Mr. Lear has not made either of these showings.  His submissions do not demonstrate any manifest error in the summary judgment ruling, nor does he present any evidence or authority he could not have raised while SHA's summary judgment motion was pending.

ORDER- 3

1     For these reasons, the court GRANTS summary judgment in favor of the last
2  remaining defendant in this case, the SHA Board, and STRIKES Mr. Lear's pending
3  motion for summary judgment (Dkt. # 103) as moot. *See Gospel Missions of Am. v. City*
4  *of L.A.*, 328 F.3d 548, 553 (9th Cir. 2003) (holding that a court may enter summary
5  judgment sua sponte if the losing party had a full and fair opportunity to ventilate the
6  issues involved in the matter).
7     Dated this 3rd day of April, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 4